# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHELLE HERNANDEZ, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 15 C 09118 |
| KUSTOM SEATING UNLIMITED, INC. | ) ) ) | Judge John J. Tharp, Jr. |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Michelle Hernandez, brings suit against her former employer Kustom Seating Unlimited, Inc. ("Kustom") alleging violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2617(a), and common law retaliatory discharge. Kustom has moved to dismiss the claim for common law retaliatory discharge. Mt. Dismiss, ECF No. 13. For the following reasons, the motion to dismiss is granted without prejudice.

## BACKGROUND[1]

Hernandez worked for Kustom, primarily as a purchasing manager, beginning in September 2009. Compl. ¶ 6, ECF No. 1. She reported to the operations manager, Greg Hanusiak, and the Chief Operating Officer, Tony Lazzara. Compl. ¶ 6. On November 3, 2014, Hernandez informed Lazzara that she would soon be having surgery (a laparoscopic sleeve gastrectomy) to correct her morbid obesity and to alleviate a number of other medical conditions from which she suffered. Compl. ¶ 7.

---

[1] As this is a motion to dismiss, the Court accepts all well-pleaded facts as true and construes all inferences in favor of the plaintiff. *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 634 (7th Cir. 2012).

On December 2, 2014, Hernandez informed Lazzara that her surgery was scheduled for December 19, 2014. Compl. ¶ 8. Upon learning the date, Lazzara "became irate" and demanded that Hernandez reschedule her surgery for a time that was more convenient for him. Compl. ¶ 8. (The Complaint does not indicate whether Hernandez rescheduled her surgery or whether it proceeded as scheduled on December 19, 2014.) On December 16, 2014, Hernandez informed the human resources department that she was seeking leave pursuant to the FMLA, which was approved on January 12, 2015. Compl. ¶ 9. Prior to beginning her leave, Hernandez offered to work from home starting one week after her surgery. Compl. ¶ 10a.[2] Kustom declined the offer and required that she remain on FMLA leave until her physician determined that she was fit to return to work. Compl. ¶¶ 9-10a.

Hernandez returned to work on February 2, 2015. Compl. ¶ 10b. Four days later, Lazzara informed Hernandez that he was going to be making some changes as he was not happy with the progress of Kustom. Compl. ¶ 10b. These changes included demoting Hernandez from purchasing manager to senior buyer and assigning her to a different supervisor. Compl. ¶ 10b. Although the senior buyer position offered identical pay and benefits as her prior position, it did not require Hernandez to use her management or accounting skills and required that she relocate from an office to a cubicle. Compl. ¶ 10b. On March 9, 2015, Lazzara told Hernandez that he assumed she was not happy in her new position and that she was being terminated. Compl. ¶ 11.

Hernandez filed this lawsuit in October 2015, alleging that her demotion was in retaliation for taking a leave of absence to care for her medical condition and that her supervisors

---

[2] The Complaint contains two paragraphs numbered "10." For ease of reference, the Court will refer to the first as "10a" and the second as "10b."

knew that the demotion would cause her hardship, which was an attempt to force her to resign. Compl. ¶ 13. Kustom moves to dismiss the common law retaliatory discharge claim.[3]

## DISCUSSION

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must 'state a claim to relief that is plausible on its face.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Adams*, 742 F.3d at 728 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A court must accept all of the plaintiff's factual allegations as true when reviewing the complaint, but conclusory allegations merely restating the elements of a cause of action do not receive this presumption. *See Iqbal*, 556 U.S. at 679.

A claim for retaliatory discharge "is a narrow and limited exception to the employment-at-will doctrine." *Brooks v. Pactiv Corp.*, 729 F.3d 758, 767 (7th Cir. 2013) (citing *Zimmerman v. Buchheit of Sparta, Inc.*, 645 N.E.2d 877, 881 (Ill. 1994)). In Illinois, "actions for retaliatory discharge have been sustained in only two situations: (1) where the discharge stems from exercising rights pursuant to the Workers' Compensation Act or (2) where the discharge is for 'whistleblowing' activities, namely, the reporting of illegal or improper conduct." *Sutherland v. Norfolk S. Ry. Co.*, 826 N.E.2d 1021, 1026 (Ill. App. Ct. 2005). Other than these two circumstances, the Illinois Supreme Court "has consistently sought to restrict the common law tort of retaliatory discharge . . . ." *Fisher v. Lexington Health Care, Inc.*, 722 N.E.2d 1115, 1121 (Ill. 1999); *see also Irizarry v. Illinois Cent. R. Co.*, 879 N.E.2d 1007, 1012 (Ill. App. Ct. 2007)

---

[3] Kustom answered the portions of the Complaint relating to the alleged FMLA violations. *See* Answer, ECF No. 12.

3

("Other than these two circumstances, however, Illinois courts consistently have refused to expand the tort to encompass a private and individual grievance.").

Hernandez focuses on the "public policy" language the Illinois Supreme Court has identified as the underlying justification for the tort. Resp. 2-3 (quoting *Palmateer v. Int'l Harvester Co.*, 421 N.E.2d 876, 880 (Ill. 1981) ("The foundation of the tort of retaliatory discharge lies in the protection of public policy . . . .")). She cites the "test for determining if the complaint states a valid cause of action [a]s whether the public policy clearly mandated by the cited provisions is violated by the plaintiff's discharge." *Barr v. Kelso-Burnett Co.*, 478 N.E.2d 1354, 1357 (Ill. 1985). Applying the test, Hernandez argues that she was terminated in retaliation for exercising her rights under the FMLA, which is contrary to public policy. If that were all that were required to form the basis of a retaliatory discharge claim—termination in retaliation for exercising an individual's statutory right—the claim would be sustained in far more than the two specific circumstances to which Illinois courts have limited it. But, as Hernandez acknowledges in her brief, *see* Resp. 3, a matter of public policy affects state residents collectively. *Palmateer,* 421 N.E.2d at 878 (what is complained of must "affect[ ] the citizens of the State collectively"); *see also Sutherland*, 826 N.E.2d at 1027 ("A whistleblower must allege that his or her discharge violated a clear mandate of public policy because the reported wrongful conduct or unsafe condition affected the health, safety or welfare ***of Illinois residents as a whole***." (emphasis added)); *compare Darchak v. City of Chicago Bd. of Educ.*, 580 F.3d 622, 628-29 (7th Cir. 2009) (dismissing retaliatory discharge claim based on reporting violation of the No Child Left Behind Act); *O'Donnell v. Am. At Home Healthcare & Nursing Servs., Ltd.*, No. 12 CV 6762, 2015 WL

4

684544, at *12-13 (N.D. Ill. Feb. 17, 2015) (dismissing retaliatory discharge claim based on an assertion of rights protected by the Illinois Minimum Wage Law).

Because Hernandez's retaliation claim implicates only her individual exercise of statutory rights; because the Illinois Supreme Court has consistently sought to restrict the scope of the retaliatory discharge tort; and because Illinois courts have never recognized a claim for retaliatory discharge based on the assertion of individual rights protected by the FMLA (nor for any situation other than the two identified *supra*), this Court has no reason to believe Illinois courts would recognize these facts as the basis of a state law retaliatory discharge claim. The Complaint does not contain any allegations that Hernandez exercised any rights under the Workers' Compensation Act or that she "blew the whistle"—*i.e.*, reported any illegal or improper conduct by Kustom. Hernandez recognizes as much in asking for leave to amend her Complaint to add allegations of whistleblowing based on FMLA violations. Resp. 4.

Accordingly, the motion to dismiss the claim of common law retaliatory discharge is granted without prejudice. To the extent that Hernandez can attempt, in good faith, to cure the deficiencies in the retaliatory discharge claim, she has leave to file an amended complaint within 14 days of this Order. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015) ("[A] plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed."); *Alioto v. Town of Lisbon,* 651 F.3d 715, 721 (7th Cir. 2011) ("[A] motion to dismiss under Rule 12(b)(6) is not a responsive pleading and so, if an answer has not been filed, a plaintiff ordinarily retains the ability to amend his complaint once as a matter of right, even after a court grants a motion to dismiss."). Absent the filing of an

amended complaint, the common law retaliatory discharge claim will be dismissed with prejudice.

Dated: May 17, 2016

John J. Tharp, Jr.
United States District Judge